UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JONGMIN CHOI, HYUN SUK PARK, and :
WOOTAE JUNG, on behalf of themselves and all :
others similarly situated, :
 :
                      Plaintiffs, :
 :
      -against- :      16 Civ. 6495 (DCF)
 :
BAYSIDE BCD INC. d/b/a BCD TOFU HOUSE :
BAYSIDE, BEAN TREE CORP. d/b/a BCD TOFU :
HOUSE MANHATTAN and HEE SOOK LEE, :
 :
                    Defendants. :
------------------------------------------------------------------ X

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/19**

### [PROPOSED] ORDER CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION FOR SETTLEMENT PURPOSES; GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND ENTERING FINAL JUDGMENT



The above-entitled matter came before the Court on Class Representative Wootae Jung's Unopposed Motion for Final Approval of Class Action Settlement (ECF Nos. 79–81) (the "Motion for Final Approval"). After reviewing the papers in support of the Motion for Final Approval (the "Motion for Final Approval") and hearing the arguments of counsel during the Fairness Hearing held on November 7, 2019, and reviewing all other materials properly before the Court, the Court hereby finds and orders as follows:

1. Based upon the Court's review of the Memorandum of Law in Support of the Motion for Final Approval, along with all of the exhibits referenced in it, the Court grants final approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Jongmin Choi, Hyun Suk Park, and Wootae Jung ("Plaintiffs"), and Bayside BCD Inc., Bean Tree Corp., and Hee Sook Lee ("Defendants"), attached to the Pechman Declaration as Exhibit A, and "so orders" all of its terms.

2. The Court finds that the Settlement Agreement was the result of extensive arm's length negotiations by experienced counsel well-versed in the prosecution of wage-and-hour class and collective actions.

3. The Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met, warranting class and collective certification for purposes of settlement only.

4. For settlement purposes only, the Court hereby certifies the following collective action class under 29 U.S.C. § 216(b) (the "FLSA Collective"):

> All persons employed as server, runner, busser, greeter, cashier, customer care worker, kitchen worker, kitchen helper, line cook, prep cook, dishwasher, or central kitchen employee at: (1) Bayside BCD Inc. d/b/a/ BCD Tofu House Bayside and/or (2) Bean Tree Corp. d/b/a BCD Tofu House Manhattan at any point from August 16, 2013 to November 9, 2018.

5. For settlement purposes only, the Court hereby certifies the following class under Fed. R. Civ. P. 23(e) (the "Class"):

> All persons employed as server, runner, busser, greeter, cashier, customer care worker, kitchen worker, kitchen helper, line cook, prep cook, dishwasher, or central kitchen employee at: (1) Bayside BCD Inc. d/b/a/ BCD Tofu House Bayside at any point from May 14, 2012 to November 9, 2018 and/or (2) Bean Tree Corp. d/b/a BCD Tofu House Manhattan at any point from April 1, 2013 to November 9, 2018.

6. For reasons stated on the record, the Court grants final approval of the settlement, including the releases and other terms detailed in the Settlement Agreement, as fair, reasonable, and adequate as to the Parties and the members of the FLSA Collective and the Class ("Class Members") (collectively, the "Settling Parties"). The Settling Parties

2

are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. The Court finds that there were no written objections to the settlement.

8. The Court finds that the procedures for notifying the Class Members about the settlement, including the Notice to Class Members and related documents, constituted the best notice to all Class Members practicable under the circumstances and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice provided adequate, due, sufficient, and valid notice of the settlement.

9. The Claims Administrator will distribute the Settlement Payments, including Service Payments, Class Counsel's fees and costs, and the Claim Administrator's Settlement Costs, in accordance with the terms of the Settlement Agreement. The Claims Administrator is ordered to distribute the Settlement Payments to the Claimants, provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Payments and made proper withholdings, and to retain copies of all endorsed settlement checks.

10. The Court approves payment of $50,000.00 to the Claims Administrator as its Settlement Costs for the work it performed, and will perform, in administering the settlement.

11. The Court approves the requested Service Awards of $15,000 each for Class Representative Wootae Jung and Named Plaintiffs Jongmin Choi and Hyun Suk Park.

12. The Court approves Class Counsel's request for attorneys' fees and litigation costs and expenses in this action. Accordingly, Class Counsel is hereby awarded $905,385.28, or 32% of the Qualified Settlement Fund ("QSF"), for attorneys' fees and $10,671.00 for reimbursement of litigation costs and expenses.

3

13. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and all other Class Members who have not opted out from filing, commencing, prosecuting, or pursuing the Released State Law Claims released by the Settlement Agreement, whether or not on a class or collective action basis, or participating in any class or collective action involving such claims. Each Claimant who cashes, deposits, receives, or otherwise negotiates his or her Settlement Check is permanently barred from filing, commencing, prosecuting or pursuing the Released Federal Law Claims released by the Settlement Agreement, whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

14. The entire lawsuit is dismissed with prejudice and without costs to any party.

15. The Parties are ordered to carry out the settlement as provided in the Settlement Agreement.

16. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Order.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

SO ORDERED this _7th_ day of _November_, 2019.

_____
Honorable Debra Freeman
United States Magistrate Judge

4